FILED
SUPERIOR COURT
OF GUAM

2019 JUN -5 PM 3 42

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

EDGAR PAZ,

                PLAINTIFF,

vs.

JENNIFER A. PUMONEZ-PAZ,

                DEFENDANT.

) DOMESTIC CASE NO. DM0086-19
)
)
)
)
) **DECISION AND ORDER DENYING**
) **PLAINTIFF'S OSC RE: COMMUNITY**
) **DEBT**
)
)
)

## Introduction

This matter came before the Honorable Maria T. Cenzon on Plaintiff Edgar Paz's ("Plaintiff") Motion for an Order to Show Cause Re: Community Debt filed on April 9, 2019. Attorney Gary Gumataotao represents Plaintiff. Attorney Daniel Somerfleck represents Defendant Jennifer A. Pumonez-Paz ("Defendant"). Having reviewed the relevant law and record the Court now issues this Decision and Order DENYING Plaintiff's OSC Re: Community Debt.

## Background

This matter arises out of a Complaint for Divorce. Verified Complaint for Divorce (Feb. 27, 2019). Plaintiff identifies the following community debt:

  A.  PENFED Credit Union loan account ending in 8452 with an approximate balance of $168,355.02 to both the Plaintiff (50%) and Defendant (50%).
  B.  Bank of Guam loan account ending in 6989 with an approximate balance of $39,528.85 to both the Plaintiff (50%) and Defendant (50%).
  C.  Coast360 FCU loan account ending in 0104 with an approximate balance of $37,743.46 to both the plaintiff (50%) and Defendant (50%).
  D.  First Hawaiian Bank loan account ending in 4571 with an approximate balance of $8,176.35 to both the Plaintiff (50%) and Defendant (50%).

E. CHASE Credit Card ending in 8483 with an approximate balance of $1,862.95 to both the Plaintiff (50%) and Defendant (50%).

*Id.* p. 3.

On April 1, 2019, Defendant filed an Answer stating that she "does not possess sufficient knowledge to admit nor deny" the facts identified in the relevant paragraph identifying the community debt. Ans. to Verified Complaint for Divorce and Counterclaim for Divorce (Apr. 1, 2019). Defendant, however, identified the following community debts of the marriage in her Counterclaim for Divorce as:

A. Pentagon Federal Credit/Union loan account ending in 8452 with an approximate balance of $168,355.02;
B. Pentagon Federal Credit Union credit card debt;
C. First Hawaiian Bank credit card debt;
D. Mortgage with PS Bank for Condominium located at Eastwood, Manila, Philippines;
E. Any and all loans and credit card debts solely in Defendant/Counterclaim Plaintiff's name; and
F. Any and all loans and credit card debts solely in Plaintiff/Counterclaim Defendant's name.

*Id.* p. 6.

On April 5, 2019, Plaintiff answered the Counterclaim and specifically to the relevant paragraph wherein Defendant identified the community debt stating that Plaintiff "lacks sufficient information upon which to base a good faith belief and therefore denies the allegations" in the relevant paragraph. Ans. to Counterclaim, ¶ 3 (Apr. 5, 2019).

Plaintiff filed the instant motion on April 9, 2019. Defendant opposed the instant motion as set forth in the Opposition to Plaintiff's Motion for Order to Show Cause Re: Community Debts together with the Declaration of Defendant on May 7, 2019.

## Discussion

Plaintiff seeks an Order to Show Cause requesting the immediate payment of the parties' community debt under Guam law. Mot. for OSC Re: Community Debt, p. 1 (Apr. 9, 2019). Plaintiff seeks an Order requiring Defendant to pay fair market value rent of $1,800 (for

Defendant's exclusive used of 124 Chalan Acho Yigo, Guam 96929) and an Order requiring Defendant to pay 50% of the community debt during the pendency of the litigation. *Id.* at p. 7. Plaintiff urges that such an Order is necessary before the debts go unpaid, the parties suffer creditworthiness and creditors foreclose their assets. *Id.* at p. 2.

Plaintiff argues that the instant Motion is proper based upon 19 GCA Section 8402, arguing that the Court shall order Defendant to pay alimony, during the pendency of the litigation, to support Plaintiff.[1] Plaintiff concludes the written motion alleging that "This OSC is well-founded." *Id.* at p. 6. The Court disagrees.

### a. The instant motion is procedurally defective

The Court finds that the instant motion is procedurally defective. Plaintiff is requesting the Court to make a determination prematurely. Contrary to Plaintiff's assertions, the Counterclaim does *not* mirror the community debt as stated in the Verified Complaint. *See* Mot. for OSC, at p. 4. The Court's reading of the Complaint and Counterclaim identifies differing community debts. Defendant's declaration filed along with the opposition to this motion exemplifies the inconsistency. In the declaration, Defendant attests that she has no knowledge of how debts were accumulated with Bank of Guam or Coast 360. Further, Defendant claims she is not aware of nor does she possess a CHASE credit card. Defendant also adds that she gave continuous disapproval of the expenses attributable to the house on 115 Chalan Acho, Yigo. Therefore, if parties disagree on their community debts and obligations, the Court must make a proper determination resolving those issues.

The Court's conclusion is further supported by the law cited in Plaintiff's motion. Plaintiff sets forth law which would entitle reimbursement for post-separation payments towards the satisfaction of community debt. Plaintiff relies upon the holdings in *Sablan v. Sablan* (2017

---

[1] It is undisputed that Defendant currently has primary custody of the parties' minor child and that Plaintiff was ordered to pay $1,000 for the support of the minor child. Additionally, since Plaintiff is not seeking attorney's fees, it is apparent that plaintiff is not seeking support to prosecute this action.

Guam 3) and *Babauta v. Babauta* (2011 Guam 15), which would then call this Court to make determinations of facts regarding the disposition of the community property and resolution of the community debt *pendent lite*.

The Court agrees with the Defendant and finds that there is no basis for these determinations to occur *prior to trial*. Opp. at p. 3 (May 7, 2019) (emphasis added). The Court refuses to make fragmented determinations disposing community properties and resolving community debts and must therefore DENY the Motion for OSC re: Community Debt.

### b. Plaintiff incorrectly relies upon 19 GCA § 8402

Guam law permits the Court to require the husband or wife, during the pendency of the action, to pay as alimony any money necessary to enable the other spouse to support himself/herself and/or their child or to prosecute/defend the action. 19 GCA § 8402.

Cases interpreting Section 8402 rests upon "what is necessary" to enable the moving spouse to support himself and/or their child or to prosecute/defend the action. Necessity may be proved only by showing the need for proper support and the expenses of litigation exceed the moving spouse's available resources. *Cruz v. Cruz*, 2005 Guam 3, ¶ 10 (citing *Loke v. Loke*, 217 P.2d 477, 478 (Cal.Dist.Ct.App.1950)). In other words, the judge must be informed in detail not only as to the moving spouse's needs but also his/her resources. *Id.* When requesting an award under§ 8402, Defendant must show a need exceeding "available resources." *Id.*

Here, Plaintiff does not set forth "details" which would allow the Court to make a determination as required by Section 8402. Plaintiff makes the following assertions to support his motion: (1) Both parties earn about $90,000 per year (or about $7,500 per month); (2) the existing mortgage with Pentagon Federal Credit Union is $945 per month (including principal, interest, taxes and insurance); (3) Defendant obtained a Child Support Order for $1,000 based upon sole custody; (4) Plaintiff's monthly expenses totals to $5,557.18. Mot. for OSC, at pp. 7-8. Plaintiff is seeking spousal support in the form of fair market value rent (for Defendant's

exclusive use of the marital home) for $1,800 and Order requiring Defendant to pay 50% of the community debt. *Id.* These assertions do not prove a necessity. In fact, if taken as true, Plaintiff's available resources exceed his monthly expenses. The Court finds the information proffered by Plaintiff do not show a need for proper support during the pendency of the litigation. Accordingly, the Court finds Plaintiff failed to satisfy the burden of proof under Section 8402.

## Conclusion

For the reasons provided above, the Court hereby DENIES Plaintiff's Motion for an Order to Show Cause Re: Community Debt.

**SO ORDERED** this _____ **JUN 0 5 2019**

**HONORABLE MARIA T. CENZON**
**JUDGE, SUPERIOR COURT OF GUAM**

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereof was placed in the court box on:

Date: _____ Time: _____

_____ Clerk, Superior Court of Guam